UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALVAREZ SOSA, (A-Number: 244-622-052),<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 2:26-cv-01330-KES-EGC (HC)<br>**FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION TO EXPEDITE DECISION**<br>(Docs. 1 & 18)<br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Adrian Alvarez Sosa is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). On April 14, 2026, in denying Petitioner's motion for temporary restraining order, the District Judge determined that Petitioner's detention falls under 8 U.S.C. § 1226(c)(1)(E), and not 8 U.S.C. § 1226(a) as Petitioner contends. (Doc. 9). On July 6, 2026, Petitioner filed a reply in support of his petition, which he additionally titled as a motion to expedite decision, where he further argues that he is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), and that in any event, his detention without a bond hearing has become unconstitutionally prolonged. (Doc. 18).

For the foregoing reasons, the undersigned finds that Petitioner is detained under the authority of 8 U.S.C. § 1226(c)(1)(E) and that his detention has not yet become unreasonably prolonged within the meaning of the Due Process Clause. Accordingly, the undersigned recommends that the petition (Doc. 1) be DENIED WITHOUT PREJUDICE and that the motion to expedite decision (Doc. 18) be DENIED AS MOOT.

## II. BACKGROUND

### A. Petitioner's Immigration History

Petitioner is a native and citizen of Cuba. (Doc. 8, Ex. 1). On July 13, 2024, he arrived at the Gateway International Bridge in Brownsville, Texas, and was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). (*Id.*). On July 21, 2025, an immigration judge in Orlando, Florida granted Petitioner's motion to terminate removal proceedings. (*Id.*). Petitioner represents that he has a pending Form I-485 application to adjust status based on his marriage to a United States citizen, received by U.S. Citizenship and Immigration Services on July 24, 2025. (Doc. 18 at 2). Respondents have not disputed this representation.

On January 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner. (Doc. 8, Ex. 1). A Notice to Appear, dated March 7, 2026, charges Petitioner as removable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I). (*Id.*, Ex. 5). Petitioner is detained at the California City Correctional Center.

Removal proceedings are pending and active. An immigration court hearing set for July 2, 2026 was continued at Petitioner's request. (Doc. 20). His next immigration court hearing is scheduled for July 30, 2026. (*Id.*). No removal order has been issued, and no appeal is pending. (*Id.*, Ex. 3).

### B. Florida Criminal Proceedings

On June 5, 2025, the Manatee County Sheriff's Office arrested Petitioner for battery in violation of Fla. Stat. § 784.03(1)(a). (Doc. 8, Ex. 2). The State charged Petitioner with misdemeanor battery on July 29, 2025. (*Id.*, Ex. 2). On April 6, 2026, the Manatee County Circuit Court issued a no-bond bench warrant ordering Petitioner to show cause why he did not appear in court that day.[1] (*Id.*, Ex. 3). The case, No. 2025MM001484AX, remains open. (Doc. 20).

On January 5, 2026, the Pinellas County Sheriff's Office arrested Petitioner for burglary of an occupied dwelling in violation of Fla. Stat. § 810.02(3)(a), a second-degree felony. (Doc. 8, Exs. 2 & 4). A $25,000 surety bond was posted on January 27, 2026, and Petitioner was released from state custody. (*Id.*, Ex. 4). The pre-trial hearing set for July 9, 2026 was continued to

[1] It appears Petitioner was in ICE custody in California on April 6, 2026.

September 10, 2026. (Doc. 20, Ex. 2). The case, No. 26-00123-CF, remains open. (*Id.*).

**C. Duration of Immigration Detention**

Petitioner asserts that he has been detained since January 5, 2026, a period he characterizes as approximately six months as of July 6, 2026. (Doc. 18). The record does not support that computation. Petitioner was in Pinellas County pretrial custody on the burglary charge from January 5 until January 27, 2026, when a surety bond was posted. (Doc. 8, Ex. 4). ICE assumed custody on January 28, 2026. (*Id.*, Ex. 1). Time spent in state custody on criminal charges does not count toward the duration of immigration detention. *See Jaranow v. Bondi*, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026). The relevant period of immigration detention is therefore approximately five months and three weeks.

**D. Procedural History**

On April 6, 2026, Petitioner filed the instant petition and a motion for temporary restraining order. (Docs. 1 & 2). The District Judge ordered Respondents to show cause. (Doc. 7). Respondents filed their response on April 9, 2026. (Doc. 8). On April 14, 2026, the District Judge denied the motion for temporary restraining order and determined that Petitioner's detention falls under 8 U.S.C. § 1226(c)(1)(E), and not 8 U.S.C. § 1226(a) as Petitioner contends. (Doc. 9). On May 18, 2026, Petitioner filed a supplemental brief. (Doc. 14). On June 3, 2026, Respondents filed a response to Petitioner's supplemental brief and opposition to habeas relief. (Doc. 17). On July 6, 2026, Petitioner filed a reply in support of his petition, which he additionally titled as a motion to expedite decision, where he further argues that he is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), and that in any event, his detention without a bond hearing has become unconstitutionally prolonged. (Doc. 18). At the undersigned's direction (Doc. 19), Respondents filed a status report on July 17, 2026 (Doc. 20).

## III. DISCUSSION

**A. Jurisdiction**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

**B. Petitioner Is Detained Under 8 U.S.C. § 1226(c)(1)(E)**

The Laken Riley Act added a category of aliens subject to mandatory detention, covering any alien who: "(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person…" 8 U.S.C. § 1226(c)(1)(E)(i)-(ii). The terms in section 1226(c)(1)(E) "have the meanings given such terms in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2).

Here, both prongs are satisfied. As to prong (i), the operative Notice to Appear charges Petitioner as inadmissible under section 212(a)(7)(A)(i)(I). (Doc. 8, Ex. 5). As to prong (ii), Petitioner was arrested on January 5, 2026 for, and is presently charged with, burglary of an occupied dwelling under Fla. Stat. § 810.02(3)(a), an offense deemed a "burglary" in the jurisdiction where the acts occurred. Accordingly, Petitioner's detention falls under section 1226(c)(1)(E), and Petitioner's contention that he is detained under section 1226(a) and is entitled to a bond hearing as a matter of statutory right fails.

Petitioner's principal statutory argument is that section 1226(c)(1)(E) cannot apply because "no charges were ever formally prosecuted" and state authorities "exercised their discretion not to prosecute Petitioner's case at all." (Doc. 18 at 3-4). The record refutes that premise. The State Attorney for the Sixth Judicial Circuit filed charges on January 21, 2026, and the case remains open with a pre-trial hearing set for September 10, 2026. (Doc. 20, Ex. 2). Likewise, the separate Manatee County prosecution remains open, with charges filed on July 29, 2025. (*Id.*, Ex. 1).

**C. Petitioner's Detention Has Not Yet Become Unreasonably Prolonged**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of

life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately five months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

There is no bright-line rule fixing the point at which detention under section 1226(c) becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts in this circuit and district evaluate such challenge under the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Relevant to that inquiry are the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

Petitioner has been in immigration detention for approximately five months and three weeks. That period is at or near, but has not exceeded, the period *Demore* identified as the ordinary duration of detention during removal proceedings, including those involving an administrative

appeal. 538 U.S. at 529-31.

The posture of the proceedings likewise does not yet suggest indefinite detention. An immigration court hearing is set for July 30, 2026. No removal order has been issued, no appeal is pending, and nothing in the record indicates the proceedings have been suspended or indefinitely deferred. Additionally, some of the delays are attributable to Petitioner, who requested the continuance of the July 2, 2026 immigration court hearing. Delay a petitioner himself sought weighs against a finding that his detention has become unreasonable.

Nonetheless, the undersigned still considers and balances the *Mathews* factors, weighing the private interest, the risk of erroneous deprivation, and the Government's interest. *Mathews*, 424 U.S. at 335. First, Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner was paroled into the United States, has a pending application for adjustment of status based on marriage to a United States citizen, and is separated from his spouse by his detention. This factor weighs in Petitioner's favor.

Second, "the risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." Jimenez v. Wolf, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner hasn't received a bond or custody redetermination. The premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document, and the probable value of such a hearing is not trivial. This factor weighs in Petitioner's favor. However, such weight is a function of time. The procedural protection Congress provided for noncitizens detained under section 1226(c) is the removal proceeding itself, which *Demore* held sufficient for the period such proceedings ordinarily require. Where detention remains within that period and the removal proceeding is moving forward, the marginal value of superimposing an additional custody hearing is lower compared to instances where detention lengthens indeterminately.

Third, the Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424

U.S. at 335. The Government has a strong interest in effecting removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. Those interests do not diminish with the passage of time. *Rodriguez Diaz*, 53 F.4th at 1208. Congress has further determined that noncitizens who are inadmissible and charged with the offenses enumerated in section 1226(c)(1)(E) are to be detained during the pendency of removal proceedings, and that legislative judgment is entitled to weight. This factor weighs in the Government's favor.

In balancing the factors, the question is not whether an individualized hearing would have value, but whether the Constitution requires one at this stage of Petitioner's detention. The undersigned concludes that the balance has not yet tipped in Petitioner's favor because, amongst other factors, Petitioner's detention has not yet exceeded the period *Demore* held constitutionally permissible, his removal proceedings remain active with a hearing set for July 30, 2026, and a portion of the delay is of his own making. Petitioner's continued detention, at approximately five months and three weeks, remains constitutionally permissible.

However, the undersigned's recommendation of denial rests on duration, and duration changes. Therefore, the undersigned recommends denial *without prejudice* so that Petitioner may return to this Court if his detention continues to lengthen without resolution of his removal proceedings.

**D. Petitioner's Motion to Expedite Decision**

In light of these findings and recommendations, Petitioner's motion to expedite decision (Doc. 18) should be denied as moot. The motion was included as part of Petitioner's reply in support of his petition for writ of habeas corpus, and the undersigned considered the arguments therein in reaching the conclusions here.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **DENIED WITHOUT PREJUDICE**; and,
2. The motion to expedite decision (Doc. 18) be **DENIED AS MOOT**.

These Findings and Recommendations are submitted to the United States District Court

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, “Objections to Magistrate Judge’s Findings and Recommendation” and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court’s judgment.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Erin Sanz Castillo

UNITED STATES MAGISTRATE JUDGE