UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALVAREZ SOSA,<br>(A-Number: 244-622-052),<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 2:26-cv-01330-KES-EGC (HC)<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION TO EXPEDITE DECISION**<br><br>(Docs. 1, 18 & 21)<br><br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Adrian Alvarez Sosa is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) On July 21, 2026, the undersigned issued findings and recommendations to deny the petition without prejudice, finding that Petitioner is detained under 8 U.S.C. § 1226(c)(1)(E) and that his detention, then approximately five months and three weeks in duration, had not yet become unreasonably prolonged. (Doc. 21.) Those findings noted that the recommendation rested on duration, and that duration changes. (*Id.* at 7.) On September 11, 2026, based on the additional time Petitioner has been detained without a bond hearing, the District Judge held the findings and recommendations in abeyance and referred the matter back to the undersigned for further consideration of Petitioner's prolonged detention claim,

including the preparation of amended or supplemental findings and recommendations. (Doc. 25.) Since that referral, an immigration judge has ordered Petitioner removed. The time to appeal that decision to the Board of Immigration Appeals has not yet expired.

These amended findings and recommendations supersede the findings and recommendations issued July 21, 2026. For the reasons set forth below, the undersigned finds that Petitioner remains detained under 8 U.S.C. § 1226(c)(1)(E), and that his detention, now more than seven months without any individualized determination of flight risk or danger, has become unreasonably prolonged in violation of the Due Process Clause. Accordingly, the undersigned recommends that the petition (Doc. 1) be GRANTED IN PART, to the extent that Respondents be directed to provide Petitioner an individualized bond hearing before an immigration judge, and otherwise DENIED, and that the motion to expedite decision (Doc. 18) be DENIED AS MOOT.

## II. BACKGROUND

### A. Petitioner's Immigration History

Petitioner is a native and citizen of Cuba. (Doc. 8, Ex. 1.) On July 13, 2024, he arrived at the Gateway International Bridge in Brownsville, Texas, and was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). (*Id.*) On July 21, 2025, an immigration judge in Orlando, Florida granted Petitioner's motion to terminate removal proceedings. (*Id.*) Petitioner represents that he has a pending Form I-485 application to adjust status based on his marriage to a United States citizen, received by U.S. Citizenship and Immigration Services on July 24, 2025. (Doc. 18 at 2.) Respondents have not disputed this representation.

On January 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner. (Doc. 8, Ex. 1.) A Notice to Appear, dated March 7, 2026, charges Petitioner as removable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I). (*Id.*, Ex. 5.) Petitioner is detained at the California City Correctional Center.

An immigration court hearing set for July 2, 2026 was continued at Petitioner's request, and a further hearing was set for July 30, 2026. (Doc. 20.) On September 14, 2026, an immigration judge ordered Petitioner removed, and any appeal to the Board of Immigration Appeals ("BIA")

was due by October 14, 2026.[1] As of the date of these amended findings and recommendations, EOIR's records reflect no appeal.

**B. Florida Criminal Proceedings**

On June 5, 2025, the Manatee County Sheriff's Office arrested Petitioner for battery in violation of Fla. Stat. § 784.03(1)(a). (Doc. 8, Ex. 2.) The State charged Petitioner with misdemeanor battery on July 29, 2025. (*Id.*) On April 6, 2026, the Manatee County Circuit Court issued a no-bond bench warrant ordering Petitioner to show cause why he did not appear in court that day.[2] (*Id.*, Ex. 3.) The case, No. 2025MM001484AX, remains open. (Doc. 20.)

On January 5, 2026, the Pinellas County Sheriff's Office arrested Petitioner for burglary of an occupied dwelling in violation of Fla. Stat. § 810.02(3)(a), a second-degree felony. (Doc. 8, Exs. 2 & 4.) A $25,000 surety bond was posted on January 27, 2026, and Petitioner was released from state custody. (*Id.*, Ex. 4.) The pre-trial hearing set for July 9, 2026 was continued to September 10, 2026. (Doc. 20, Ex. 2.) The case, No. 26-00123-CF, remains open, and nothing in the record indicates that Petitioner has been convicted of either offense. (*Id.*)

**C. Duration of Immigration Detention**

Petitioner was in Pinellas County pretrial custody on the burglary charge from January 5 until January 27, 2026. (Doc. 8, Ex. 4.) ICE assumed custody on January 28, 2026. (*Id.*, Ex. 1.) As of the date of these amended findings and recommendations, Petitioner has been in immigration detention for more than seven months.[3]

**D. Procedural History**

On April 6, 2026, Petitioner filed the instant petition and a motion for temporary restraining order. (Docs. 1 & 2.) The District Judge ordered Respondents to show cause. (Doc. 7.) Respondents filed their response on April 9, 2026. (Doc. 8.) On April 14, 2026, the District Judge

---

[1] The undersigned takes judicial notice of the automated case information for Petitioner's removal proceedings maintained by the Executive Office for Immigration Review ("EOIR"). *See* Fed. R. Evid. 201(b)(2); EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited September 15, 2026). The automated case information does not reflect the grounds for the immigration judge's decision or the disposition of any application for relief.

[2] It appears Petitioner was in ICE custody in California on April 6, 2026.

[3] Petitioner's supplemental filings characterize his detention as running from January 5, 2026. (Doc. 18.) As explained in the prior findings and recommendations, time spent in state custody on criminal charges does not count toward the duration of immigration detention. (Doc. 21 at 3); *see Jaranow v. Bondi*, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026).

denied the motion for temporary restraining order and determined that Petitioner's detention falls under 8 U.S.C. § 1226(c)(1)(E), and not 8 U.S.C. § 1226(a) as Petitioner contends. (Doc. 9.) On May 18, 2026, Petitioner filed a supplemental brief. (Doc. 14.) On June 3, 2026, Respondents filed a response to Petitioner's supplemental brief and opposition to habeas relief. (Doc. 17.) On July 6, 2026, Petitioner filed a reply in support of his petition, which he additionally titled as a motion to expedite decision. (Doc. 18.) At the undersigned's direction (Doc. 19), Respondents filed a status report on July 17, 2026. (Doc. 20.)

On July 21, 2026, the undersigned issued findings and recommendations to deny the petition without prejudice and deny the motion to expedite as moot. (Doc. 21.) Petitioner filed objections on July 23, 2026. (Doc. 22.) On September 11, 2026, the District Judge held those findings and recommendations in abeyance and referred the matter back to the undersigned. (Doc. 25.) Separately, Petitioner filed another motion for temporary restraining order on September 8, 2026 (Doc. 23), which was subsequently denied without prejudice (Doc. 24).

## III. DISCUSSION

### A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

### B. Petitioner Was Detained Under 8 U.S.C. § 1226(c)(1)(E) and Remains So

The Laken Riley Act added a category of aliens subject to mandatory detention, covering any alien who: "(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily

injury to another person…" 8 U.S.C. § 1226(c)(1)(E)(i)-(ii). The terms in section 1226(c)(1)(E) "have the meanings given such terms in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2).

As previously found, both prongs are satisfied. As to prong (i), the operative Notice to Appear charges Petitioner as inadmissible under section 212(a)(7)(A)(i)(I). (Doc. 8, Ex. 5). As to prong (ii), Petitioner was arrested on January 5, 2026 for, and is presently charged with, burglary of an occupied dwelling under Fla. Stat. § 810.02(3)(a), an offense deemed a "burglary" in the jurisdiction where the acts occurred. Accordingly, Petitioner's detention falls under section 1226(c)(1)(E), and Petitioner's contention that he is detained under section 1226(a) and is entitled to a bond hearing as a matter of statutory right fails.

The immigration judge's September 14, 2026 removal order does not alter the source of Petitioner's detention authority. An order of removal becomes administratively final upon dismissal of an appeal by the BIA or upon expiration of the time to appeal if no appeal is taken, 8 C.F.R. § 1241.1(a), (c), and an immigration judge's decision is not executed while a timely appeal is pending, 8 C.F.R. § 1003.6(a). The removal period under 8 U.S.C. § 1231(a), and with it the detention authority that statute confers, begins only when the order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i); *see Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 947-48 (9th Cir. 2008). Because the time to appeal has not expired, the removal order is not final, and Petitioner remains detained under section 1226(c)(1)(E). If a party timely appeals, Petitioner will remain detained under that provision while the appeal is pending; if no appeal is filed by October 14, 2026, the order will become final and Petitioner's detention will be governed by section 1231(a). The undersigned addresses that possibility below. Therefore, the question presented is constitutional: whether Petitioner's continued detention under section 1226(c), without any individualized determination of flight risk or danger, has become unreasonable.

**C. Petitioner's Detention Has Become Unreasonably Prolonged**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S.

292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately five months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). In *Rodriguez Diaz*, the Ninth Circuit cautioned that a court cannot simply count a detainee's months of detention, but must also consider the process the detainee has received and the process available to him. 53 F.4th at 1207-08. Applying the *Mathews* framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Id.*

i. <u>Private Interest.</u>

The first *Mathews* factor asks the weight of the private interest affected. Petitioner's interest

in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been continuously detained by ICE since January 28, 2026, more than seven months as of the date of these amended findings and recommendations. That period well exceeds the five-month period that *Demore* identified as typical for cases involving an administrative appeal. 538 U.S. at 529-30. The prior findings characterized Petitioner's detention, at five months and three weeks, as at or near that period. (Doc. 21 at 5.) It is now well beyond it.

Petitioner's detention is also likely to continue for a further, indeterminate period. The prior findings relied on the pendency of an immigration court hearing set for July 30, 2026 as an indication that the proceedings were moving toward resolution. (Doc. 21 at 6–7.) The immigration judge has since ruled, but the decision is not final, and it does not bring Petitioner's section 1226(c) detention to a near or certain end. Either party may appeal to the BIA by October 14, 2026. If an appeal is taken, Petitioner's detention under section 1226(c) will continue for as long as the BIA takes to decide it, and a BIA decision may itself be followed by remand or further proceedings. The record does not indicate how long that would take. Throughout, Petitioner would remain detained without any occasion for a neutral decisionmaker to consider whether his detention remains justified.

Further, Petitioner was paroled into the United States in July 2024 and lived in the community for approximately eighteen months before his arrest. (Doc. 8, Exs. 1, 2 & 4.) He has a pending application for adjustment of status based on his marriage to a United States citizen. (Doc. 18 at 2.)

On the other hand, Petitioner requested the continuance of his July 2, 2026 hearing (Doc. 20), and that delay of approximately four weeks weighs against him. As to the likelihood of a final removal order, the immigration judge's decision favors Respondents, but that decision is not final, and if it is appealed, the appeal is precisely what would extend Petitioner's detention. On balance, the first factor weighs in Petitioner's favor.

ii. <u>Risk of Erroneous Deprivation.</u>

The second factor questions the risk of an erroneous deprivation under the procedures used

and the probable value of additional safeguards. Petitioner has received no individualized determination of flight risk or danger at any point in his detention. The prior findings observed that the value of an additional hearing is a function of time, and that the removal proceeding itself is the process *Demore* found sufficient for the period such proceedings ordinarily require. (Doc. 21 at 6.) That observation now cuts the other way. Petitioner's detention has extended beyond the period *Demore* contemplated, and with the proceedings now poised to move to the BIA, the probable value of a hearing to test the justification for continued detention has correspondingly increased. This factor weighs in Petitioner's favor.

iii. Government's Interest.

The Government has a legitimate and weighty interest in ensuring a noncitizen's appearance at removal proceedings and in protecting the public from noncitizens who pose a danger. *Rodriguez Diaz*, 53 F.4th at 1208. The undersigned does not discount that interest, and the pending charges against Petitioner, including burglary of an occupied dwelling, are serious.

But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after more than seven months without review. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the factors, the undersigned finds that Petitioner's continued detention under section 1226(c), for a period of more than seven months without any individualized determination by a neutral decisionmaker, violates the Due Process Clause. To the extent Petitioner seeks immediate release, such relief is not warranted. The Constitutional defect identified above is procedural: Petitioner has been denied a hearing, not shown to be entitled to release. The appropriate remedy is to supply the missing process of an individualized bond hearing. Should the immigration judge conclude that Petitioner's continued detention is justified, no Constitutional

violation will remain.

Further, this recommendation depends on Petitioner's continued detention under section 1226(c). If no appeal is filed by October 14, 2026, the removal order will become administratively final, the removal period will begin, and Petitioner's detention will be governed by section 1231(a), under which detention during the removal period is mandatory. 8 C.F.R. § 1241.1(c); 8 U.S.C. § 1231(a)(1)(B)(i), (a)(2). A bond hearing under section 1226(c) detention would then no longer be an appropriate remedy, and any challenge to post-order detention would be premature. *See Zadvydas*, 533 U.S. at 701. The undersigned therefore recommends that, if the removal order has become administratively final when the District Judge acts on these amended findings and recommendations, the petition be denied without prejudice to a new petition should Petitioner's detention under section 1231(a) become prolonged.

**D. Petitioner's Motion to Expedite Decision**

In light of these amended findings and recommendations, Petitioner's motion to expedite decision (Doc. 18) should be denied as moot. The motion was included as part of Petitioner's reply in support of his petition for writ of habeas corpus, and the undersigned considered the arguments therein in reaching the conclusions here.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The findings and recommendations issued July 21, 2026 (Doc. 21) be deemed WITHDRAWN and superseded by these amended findings and recommendations;
2. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART** as to Petitioner's prolonged detention claim;
3. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial

of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;

4. The petition be **DENIED IN PART** to any remaining claims;

5. The motion to expedite decision (Doc. 18) be **DENIED AS MOOT**; and,

6. If, at the time these amended findings and recommendations are acted upon, the immigration judge's September 14, 2026 removal order has become administratively final, recommendations 2 through 4 not be adopted and the petition instead be DENIED WITHOUT PREJUDICE.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE