UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALVAREZ SOSA (A-Number: 244-622-052),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, California City Correctional Center,<br><br>Respondent. | No. 2:26-cv-01330-KES-EGC<br><br>ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART, AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS<br><br>Docs. 1, 26 |

Petitioner Adrian Alvarez Sosa is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2026, the assigned magistrate judge issued amended findings and recommendations that recommended granting the petition and ordering that petitioner be provided a bond hearing. Doc. 26 at 9. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. *Id.* at 10. On October 2, 2026, respondent filed one-sentence objections "[f]or the reasons set

forth in Respondents' previous briefing[.]" Doc. 27 at 1.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondent's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations, Doc. 26, are ADOPTED.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED in part.[1]
3. Respondents are ORDERED to provide petitioner Adrian Alvarez Sosa (A-Number: 244-622-052) with a bond hearing before an immigration judge to be held within ten (10) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
    a. "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
    b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
4. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. If respondent does not provide petitioner with a bond hearing within fourteen (14) days, then respondent must

---

[1] The bond hearing required by this order need not be held if petitioner has become subject to an executable final order of removal, and his detention has become subject to 8 U.S.C. § 1231(a), within the time required by this order for the bond hearing to be held.

release him.

5. The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner.

6. The Clerk is directed to serve California City Correctional Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 21, 2026

UNITED STATES DISTRICT JUDGE